UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHAWN BERMAN,

    Plaintiff,                                       CASE NO.: 8:22-cv-000162

vs.

ESSILOR OF AMERICA, INC.,

    Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, SHAWN BERMAN, (hereinafter "Plaintiff" or "Mr. Berman"), a Florida resident, by and through the undersigned counsel, hereby sues Defendant, ESSILOR OF AMERICA, INC., (hereinafter "Defendant" or "Essilor"), and alleges:

**JURISDICTION AND VENUE**

1. This is an action for damages under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et al* ("ADA") for discrimination based on disability or perceived disability.

2. In this civil action Plaintiff has also brought claims against his former employer for monetary damages, declaratory relief, and for other equitable relief pursuant to the Florida Civil Rights Act ("FCRA") § 760.01, *et al*.

3. This Court has jurisdiction over Plaintiff's ADA claims under 28 U.S.C. §§ 1331 and 1343.

4. This Court has jurisdiction over Plaintiff's FCRA claims under 28 U.S.C. § 1367.

5. Venue is appropriate in the Middle District of Florida because the events giving rise to the cause of action occurred in Hillsborough County, Florida.

1

## PARTIES

6. The plaintiff, SHAWN BERMAN, is a resident of Hillsborough County, Florida.

7. The defendant, ESSILOR OF AMERICA, INC., is a For Profit Corporation principally located at 13555 North Stemmons Fairway, Dallas Texas 75234.

8. During the time of these allegations, Plaintiff worked at Milroy Optical, Essilor's wholesale laboratory, located at 5067 Savarese Circle, Tampa, Florida 33634, in Hillsborough County.

## ADMINISTRATIVE PREREQUISITES

9. Mr. Berman has satisfied all prerequisites necessary to bring this cause of action. Plaintiff filed a charge jointly with the EEOC and the Florida Commission on Human Relations (FCHR). Plaintiff did not receive a determination after 180 days and requested a right to sue letter from the EEOC, which he received. Plaintiff filed this action before the expiration of any deadlines to file suit.

## GENERAL ALLEGATIONS

10. Mr. Berman was originally hired by Essilor at the Milroy Optical location in March 2014 as an optical lab technician.

11. Mr. Berman moved away from the Milroy Optical location in 2015 and returned in April 2018 through a temp agency.

12. Mr. Berman was hired for a full-time position at the Milroy Optical location on March 11, 2019.

13. In 2017, Mr. Berman underwent a surgery to remove a blood tumor from his spinal cord. Due to the surgery, he was left with permanent nerve damage. Mr. Berman experiences increased pain, muscle spasms, and stiffness from standing or sitting for extended periods of time.

14. On January 29, 2019, Mr. Berman requested accommodations and provided a doctor's note to Essilor to allow Mr. Berman to sit or stand as he needed to alleviate his pain.

15. Mr. Berman performed his job well and in December 2019 he was promoted to 3rd shift team lead.

16. Due to the Covid-19 pandemic, Mr. Berman was furloughed from March 2020 to June 17, 2020.

17. On June 18, 2020, Mr. Berman returned to work. Mr. Berman was informed that he was no longer a 3rd shift lead because the shift team lead positions were removed due to the pandemic. Mr. Berman also discovered that Essilor had removed all the chairs at the Tampa location. Mr. Berman assumed that he would still receive accommodations due to the approved accommodations Essilor had on file.

18. On June 26, 2020, Mr. Berman called Niko Hall (Finish Supervisor) and Shanna Fernandez (Production Manager) to discuss his previously approved accommodation of being permitted to sit or stand as needed. Mr. Berman asked if he was still granted this accommodation, so that he could sit or stand as needed. Ms. Fernandez told Mr. Berman that if she allowed him to sit, then she would "have to allow everyone to sit." Ms. Fernandez told Mr. Berman that she would need another doctor's note. At this time, Mr. Berman was no longer permitted to sit as needed until he provided another doctor's note.

19. Mr. Berman attempted to produce a doctor's note; however, his physician needed a full job description from Essilor to evaluate his need for an accommodation.

20. Mr. Berman asked Ms. Fernandez if she could provide a full job description for this physician but she never replied to Mr. Berman's request for a job description to provide to the doctor.

21. As a result of being forced to stand all day, Mr. Berman began experiencing severe pain that caused him to miss multiple days at work in late June and early July of 2020.

22. Due to Essilor's failure to provide Mr. Berman with a reasonable accommodation, he was forced to resign on July 13, 2020, due to the pain and suffering he experienced as a result of standing for his entire shift.

23. Plaintiff has incurred costs in bringing this action.

## COUNT I

### VIOLATIONS OF ADA
### CONSTRUCTIVE TERMINATION – DISABILITY

24. Plaintiff, SHAWN BERMAN, re-alleges and incorporates the paragraphs set forth above as if set forth herein in full.

25. The Americans with Disabilities Act, 42 U.S.C. §12101, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's disability or perceived disability.

26. Plaintiff suffers from permanent nerve damage from a surgery he underwent in 2017. He suffers from debilitating pain, muscle spasms, and stiffness when he sits or stands for extended periods of time. Plaintiff is a member of a protected class and protected by the ADA from discrimination based on his disability.

27. Defendant Essilor was an "employer" within the meaning of the ADA during the time of these allegations.

28. Plaintiff has satisfied all procedural and administrative requirements set forth in the ADA.

29. Mr. Berman was qualified for his job.

30. Mr. Berman requested accommodations on January 29, 2019. Essilor approved of his accommodations.

31. However, on June 18, 2020, Essilor began denying Mr. Berman's accommodation when it changed its policy and removed the chairs from the Milroy Optical location.

32. Essilor denied Mr. Berman's second request for an accommodation in June 2020.

33. As a result of the removal of accommodations, Mr. Berman experienced debilitating pain from standing for eight to ten hours during his shift. Mr. Berman missed work due to these increased symptoms.

34. Mr. Berman was unable to work without the reasonable accommodation he had requested.

35. On July 18, 2020, Mr. Berman was forced to resign because Essilor refused to accommodate Mr. Berman.

36. As a direct and proximate result of Defendant's actions, Plaintiff has suffered a loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, and damage to his professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Plaintiff, SHAWN BERMAN, demands entry of a Final Judgment against Defendant, ESSILOR OF AMERICA, INC., for the following:

A. An award of Back Pay damages;

B. An award of Front Pay damages;

C. Compensatory Damages for the Hostile Work Environment including mental anguish, loss of enjoyment of life, and humiliation;

D.      Prejudgment interest;

E.      Reasonable attorney's fees and costs; and

F.      All such other relief as the Court deems just, equitable and appropriate.

## COUNT II

### VIOLATIONS OF FCRA
### CONSTRUCTIVE TERMINATION – DISABILITY

37. Plaintiff, SHAWN BERMAN, re-alleges and incorporates the paragraphs set forth above as if set forth herein in full.

38. The Florida Civil Rights Act of 1992, Fla. Stat. § 760.01, *et seq*. ("FCRA") makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's disability.

39. Plaintiff is a member of a protected class and protected by the FCRA from discrimination based on his disability.

40. Defendant Essilor was an "employer" within the meaning of the FCRA during the time of these allegations.

41. Plaintiff has satisfied all procedural and administrative requirements set forth in the Florida Civil Rights Act, Section 760.01, *et seq*. Florida Statutes.

42. Mr. Berman was qualified for his job.

43. On June 18, 2020, Essilor began denying Mr. Berman's request for a reasonable accommodation when it changed its policies and removed the chairs from the Milroy Optical location.

44. Mr. Berman requested that he be permitted to sit or stand intermittently during his shift to relieve the pain and discomfort in his back. Essilor denied this request for an accommodation.

45. On July 18, 2020, Mr. Berman was forced to resign his position as a result of Essilor's withdrawal of his medical accommodation.

46. As a direct and proximate result of Defendant's actions, Plaintiff has suffered a loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, and damage to his professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Plaintiff, SHAWN BERMAN, demands entry of a Final Judgment against Defendant, ESSILOR OF AMERICA, INC., for the following:

A. An award of Back Pay damages;

B. An award of Front Pay damages;

C. Compensatory Damages for the Hostile Work Environment including mental anguish, loss of enjoyment of life, and humiliation;

D. Prejudgment interest;

E. Reasonable attorney's fees and costs; and

F. All such other relief as the Court deems just, equitable and appropriate.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury.

Dates this 20th day of January 2022.

*/s/ Gary L Printy, Jr, Esq*
**Gary L. Printy, Jr**
Florida Bar No. 41956
**PRINTY & PRINTY, P.A.**

                3411 W. Fletcher Ave., Suite A
                Tampa, Florida 33618
                Telephone (813) 434-0649
                FAX (813) 423-6543
                garyjr@printylawfirm.com
                e-service@printylawfirm.com
                *Attorney for Plaintiff Shawn Berman*